IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN W. KULYK,

    Petitioner,

v.

WARDEN, HOCKING
CORRECTIONAL FACILITY,

    Respondent.

CASE NO. 2:12-CV-643
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's *Motion to Dismiss*, Petitioner's *Reply*, and the exhibits of the parties. For the reasons that follow, Respondent's *Motion to Dismiss* (Doc. 11) is **GRANTED**. Petitioner's *Motion to Hold Adverse Rulings* (Doc. 3) is **DENIED**.

## FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On June 16, 2009, Appellant entered Bob's Drive-Thru in Cambridge, Ohio. Clerks Cindy Mason and Barb Flesher were both working as cashiers in the drive-thru that night. When Appellant entered the store, a customer, Shannon Bishard, was also in the store.
>
> All three women described Appellant as looking suspicious when he entered the store. In the middle of summer, at 9:30 p.m., Appellant entered the store wearing long pajama pants, a black or dark blue jacket, a hat, sunglasses and white gloves.

1

Cindy Mason, who was ringing up Shannon Bishard's order, observed Appellant ask for a twelve-pack of Bud Ice. Ms. Flesher went to the beer cooler, retrieved a twelve-pack of beer, and went to her register to ring up Appellant's beer. As she told Appellant his total, Appellant grabbed the beer and took off out of the store.

Ms. Bishard followed Appellant out of the store, yelling at him to stop, put down the beer and just walk away. Appellant told her to get out of his way or he would punch her. When she did not get out of his way, he punched her two times on the left side of her face. She yelled for help and her husband, Al Bishard, came running down off of the porch of their house, noticed that his wife was bent over holding her face, and ran after Appellant.

Mr. Bishard caught up with Appellant as Appellant crossed Wheeling Street. According to Mr. Bishard, Appellant stumbled on the curb as he crossed the road. Mr. Bishard threw a punch at Appellant and could not remember if he connected with Appellant because at that time he felt something "very hard" strike him in the head. At the same time, Kevin Dingus, a resident of the town, approached the situation and hit Mr. Bishard in the back of the head after mistaking him as the aggressor. Cindy Mason, who had followed Appellant as he fled the store, stated that she told Mr. Dingus that he was hitting the wrong person. Subsequently, he assisted Mr. Bishard in restraining Appellant until the police arrived.

On July 29, 2009, the Guernsey County Grand Jury indicted Appellant on one count of robbery, a felony of the second degree, in violation of R.C. 2911.02, two counts of assault, misdemeanors of the first degree, in violation of R.C. 2903.13, one count of theft, a misdemeanor of the first degree, in violation of R.C. 2913.02.

Appellant proceeded to jury trial on November 5 and 6, 2009, and was found guilty of all charges. The trial court sentenced Appellant to six years on his robbery conviction and a six month sentence on each of the misdemeanors, to run concurrent with his robbery sentence. On February 9, 2009, Appellant was resentenced pursuant to R.C. 2929.19, as he was incorrectly informed regarding post-release control. At his resentencing, he was again sentenced to six years and was advised that post-release control is mandatory for three years upon his release from prison.

Appellant now appeals his convictions and raises two Assignments of Error:

2

> "I. THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT GUERNSEY COUNTY PROSECUTING ATTORNEY FAILED TO PRODUCE SUFFICIENT EVIDENCE TO SUPPORT A CONVICTION."
>
> "II. THE TRIAL JUDGE ABUSED HIS DISCRETION IN SENTENCING THE APPELLANT TO SIX YEAR [SIC] ON THE ROBBERY CONVICTION ."

*State v. Kulyk*, No. 10-AP-08, 2010 WL 5545396, at *1-2 (Ohio App. 5th Dist. Dec. 17, 2010).[1] On December 17, 2010, the appellate court affirmed the judgment of the trial court. *Id.* Petitioner apparently never filed an appeal to the Ohio Supreme Court.

On March 17, 2011, however, Petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). He asserted that he had been denied effective assistance of appellate counsel because his attorney failed to raise on appeal a claim of defective jury instructions, failed to establish the evidence was constitutionally insufficient to sustain his robbery conviction under claim one of his appeal, and failed to raise a claim of defective indictment. *Exhibit 18 to Motion to Dismiss*. On May 3, 2011, the appellate court denied Petitioner's Rule 26(B) application, concluding that Petitioner had failed to establish denial of effective assistance of appellate counsel. *Exhibit 21 to Motion to Dismiss*. Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibit 22 to Motion to Dismiss*. On August 24, 2011, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Kulyk*, 129 Ohio St.3d 1454 (2010).

---

[1] Petitioner indicates that, on June 22, 2010, he filed a *pro se* appellate brief, requesting to additionally assert that he was denied a fair trial based on a defective indictment; however, the appellate court denied his request as untimely. *See Petition; Attachments to Exhibit 18 to Motion to Dismiss*.

3

Petitioner additionally pursued post-conviction relief. On August 15, 2012, he filed a petition for post-conviction relief in the state trial court. He asserted he had been denied effective assistance of trial counsel because his attorney failed to raise an issue regarding Petitioner's inability to bring criminal assault charges; because his attorney failed to establish, based on evidence presented at trial, that Petitioner's actions were based on defending himself against attackers who were attempting to execute an illegal citizen's arrest; his attorney failed to establish or argue that Petitioner had acted in self defense; failed to request jury instructions on self defense; failed to object to the merger of allied offenses of dissimilar import when theft and assault were merged into a charge of robbery; failed to object to the trial court's failure to merge allied offenses of similar import; failed to object to prosecutorial misconduct; and failed to request jury instructions on the lesser included offenses of theft. *Exhibit 29 to Motion to Dismiss.* The trial court denied the Petitioner's post-conviction petition on October 24, 2012, which Petitioner has appealed to the state appellate court.[2]

On July 18, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that his convictions were against the manifest weight of the evidence, and that he was denied effective assistance of trial counsel. It is the position of the Respondent that this action must be dismissed as untimely or unexhausted.

---

[2] At the time of the filing of Respondent's Motion to Dismiss, the trial court had not yet ruled on the motion. The Court now takes notice of the docket of the Guernsey Count Court of Common Pleas to note that the trial court denied the motion and Petitioner appealed the denial. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Landt v. Farley*, No. 4:12CV0740, 2012 WL 4473209, *1, n.2 (N.D. Ohio Sept.26, 2012) (noting that the "court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system and via the internet.") (quotation marks and citation omitted).

4

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, Petitioner's conviction became final upon the expiration of the time for seeking direct review of his conviction and sentence under 28 U.S.C. § 2244(d)(1)(A). As noted above, Petitioner failed to perfect a timely appeal to the Ohio Supreme Court from the appellate court's December 17, 2010, decision on direct review. Pursuant to Rule II, § 2(A), of the Rules of

5

Practice of the Supreme Court of Ohio, Petitioner was required to seek further appellate review within forty-five (45) days, but failed to do so. As such, his conviction became final upon the expiration of the time for seeking direct review, on February 1, 2011, forty-five days after the December 17, 2010, appellate court's decision. *See* Ohio Supreme Court Rule of Practice II, Section 2(A) (1); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002); *Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001).

Under 28 U.S.C. § 2244(d)(2), the running of the statute of limitations is tolled during the pendency of a *properly* filed application for state post-conviction relief or other collateral review. As applied here, then, the statute of limitations ran from February 1, 2011 until March 17, 2011for a period of 45 days until Petitioner filed his motion to reopen the appeal under Rule 26(B) in the state appellate court. This Rule 26(B) action tolled the running of the statute of limitations until August 24, 2011, the date that the Ohio Supreme Court dismissed Petitioner's Rule 26(B) appeal.[3] *Lawrence v. Florida*, 549 U.S. 327, 329 (2007)(post conviction petition does not toll the running of the statute of limitations the time period during which the petitioner could have filed a petition for a writ of certiorari with the United States Supreme Court). On August 25, 2011, the statute of limitations began to run again, and expired 320 days later (365 minus 45), on July 10, 2012. Petitioner represents that he executed his habeas corpus petition three days later, on July 13, 2012, after the statute of limitations had already expired. The petition reached the Court for filing on July 18, 2012.

---

[3] Petitioner contends that the statute of limitations did not begin to run until August 24, 2011, the date that the Ohio Supreme Court dismissed his Rule 26(B) application. The United States Court of Appeals for the Sixth Circuit has held, however, that an application to reopen the appeal under Ohio's Rule 26(B) constitutes a collateral action, and is not a part of the direct appeal. *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005).

6

Petitioner's August 15, 2012, petition for post-conviction relief did not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2) because Petitioner filed this action after the statute of limitations had already expired. "The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 601 (6th Cir. 2003)(citing *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, No. 02-3193, 2003 WL 21259699 (6th Cir. May 28, 2003)(same).

Further, Petitioner has failed to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations. *Holland v. Florida*, -- U.S. --, 130 S.Ct. 2549, 2562 (2010)(Petitioner must show that he diligently pursued his rights and that extraordinary circumstances prevented timely filing to obtain equitable tolling of the statute of limitations); *see also Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)(same).

**WHEREUPON**, Respondent's *Motion to Dismiss* (Doc. Doc. 11) is **GRANTED**. Accordingly, Petitioner's *Motion to Hold Adverse Rulings* (Doc. 3), is **DENIED**.

**IT IS SO ORDERED.**

Date: March 19, 2013

JAMES L. GRAHAM
United States District Judge

7